IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL C. HANCOCK, JR.,

    Petitioner,                   No. CIV-S-10-2215 FCD CKD P

    vs.

GARY SWARTHOUT,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding without counsel with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner's claims concern the fact that he was denied parole in 2007. Respondent asserts petitioner's claims are time-barred. This action was commenced on August 13, 2010, when petitioner submitted his application for writ of habeas corpus to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988).

        Title 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

/////

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In claims one, two and three, petitioner challenges the actual decision to deny him parole. Petitioner's parole hearing was held on October 29, 2007. Pet., Ex. 2. Petitioner was informed that day that he was being denied parole, id. at 121-129, and was informed that the decision to deny him parole would not be final until February 26, 2008, id. at 129. With respect to denial of parole cases, the limitations period generally commences when the conditions in § 2244(d)(1)(D) have been satisfied. Redd v. McGrath, 343 F.3d 1077, 1081-82 (9th Cir. 2003). Petitioner had no factual predicate arising from the decision to deny him parole until the decision to deny him parole became final. See Redd, 343 F.3d at 1082. Therefore, with respect to claims one, two and three, the limitations period commenced, absent any tolling of the limitations period, the day after the decision became final on February 27, 2008.[1]

In claim four, petitioner asserts his plea agreement was breached by the San Joaquin County District Attorney's Office. Petitioner claims that under the terms of his plea agreement, the San Joaquin County District Attorney was obliged to submit to the parole board a letter that requested that petitioner be paroled. With respect to this claim, the limitations period also commenced pursuant § 2244(d)(1)(D). Since petitioner was aware of the factual predicate

/////

---

[1] Petitioner argues that the limitations period did not commence until his claims were rejected by the California Supreme Court. This argument was specifically rejected in Redd, 343 F.3d at 1082.

of this claim, at the latest, on the day of his parole hearing, the limitations period began running, absent tolling, on October 29, 2007.

Statutory tolling suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. 2244(d)(2). Petitioner filed post-conviction challenges asserting the claims presented in this action. However, the first collateral challenge was not filed until May of 2009 (Mot. to Dismiss, Ex. 1); after the one year limitations period had elapsed with respect to all of petitioner's claims. Therefore, statutory tolling will not save any of petitioner's claims.

Petitioner asserts this action is saved under the "equitable tolling" doctrine. The statute of limitations may be subject to equitable tolling if a petitioner can demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance prevented him from filing on time. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Petitioner must show that the "extraordinary circumstance" was the cause of the untimeliness. See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner claims that he was hindered from filing his petition for writ of habeas corpus in this court by insufficient access to the prison law library, his job assignment, his lack of education, difficulties in meeting with the inmate assisting petitioner with the drafting of his habeas petition and prison lockdowns. However, none of these hindrances are extraordinary. More importantly, petitioner fails to show that even with these difficulties, he could not file his § 2254 petition within the one year allotted. In other words, he fails to show that any factor identified was the actual cause of petitioner filing late, rather than an obstacle to filing on time which could have been overcome with due diligence.

For all the foregoing reasons, the court will recommend that respondent's motion to dismiss be granted and this case be closed.

/////

/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Dkt. No. 8) be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  August 4, 2011                         /s/ Carolyn K. Delaney
                                               United States Magistrate Judge

1
hanc2215.157